[No. 3295.   Aug. 13, 1929.]

STATE v. BALL et al.

[280 Pac. 256.]

Tom Lea, of El Paso, Tex., Fred Sherman, of Deming, and J. S. Vaught, of Albuquerque, for appellants.

Robert C. Dow, Atty. Gen., and Frank H. Patton, Asst. Atty. Gen., for the State.

OPINION OF THE COURT

PARKER, J.  On January 15, 1927, there was filed in the office of the clerk of the district court in and for the county of Luna at Deming, N. M., an information charging George Ball and Jean Drake with the murder of one John Noonan, alleged to have been committed on November 19, 1926.  On January 17, 1927, at the adjourned

regular October, 1926, term of said court, the cause was brought on for trial, the defendants pleaded not guilty to the information, and a jury was impaneled and sworn to try the case. The jury was sworn near the noon hour of said day, and a recess of the court was taken until 2 o'clock in the afternoon of said day; no testimony having been taken and nothing having been done further than to impanel and swear the jury to try the case. Upon the reconvening of the court for the purpose of proceeding with the trial, counsel for the state stated to the court that the state desired to interrogate one of the jurors concerning a matter which had come to the attention of the district attorney's office during the noon hour and which was unknown to the state at the time the jury was sworn to try the case. To this proceeding the defendants through their counsel expressly stated that they had no objection. Thereupon one of the jurors, Marshall Kelly, was examined further as to his qualifications to sit as a juror in the case. In the course of that examination the juror admitted that he had made a statement in the presence of four citizens of Deming to the effect that "they ought not only turn them loose, but take up a collection and buy them a gold medal." Thereupon counsel for the state requested the court to allow them to call the witnesses to further develop the conditions under which this statement was made to these people by the juror, which was allowed by the court. Thereupon the four persons named in the examination of the juror were called, and all verified the fact that the statement was made and testified to the circumstances under which it was made. Thereupon the following occurred:

"Mr. Askren, Special Assistant Prosecutor: At this time, Your Honor, at the instance of the state a motion is made that a mistrial be declared and the jury be discharged because of manifest prejudice of one of the jurors, he having been accepted by the state and the state not knowing of such prejudice, because the state was misled by the answer made by the juror, Marshall Kelly, on his voir dire examination and because jeopardy has attached."

Thereupon counsel for the defendants made the following statement:

"Mr. Vaught; Counsel for the Defendants: We resist the motion on the ground that there was no disposition on the part

of the defense to resist an effort of the state to challenge the juror, Marshall Kelly, and we ask that he be excused and the court will proceed to fill the vacant place in the jury box in the regular way."

Thereupon the court made the following ruling:

"The Court: The court finds the juror, Marshall Kelly, fraudulently concealed his true state of mind in this case and fraudulently pretended that he was a qualified juror in this case for the purpose of aiding the defendants, and the court discharges the jury and the juror, Marshall Kelly, will be in the custody of the sheriff."

An exception was taken by the defendants' counsel.

Thereupon counsel for the state made the following announcement:

"Mr. Askren: Counsel for the state announces that they desire to file a motion for a change of venue from this county and would like until 10 o'clock in the morning."

This request was granted by the court, and the court was adjourned until the following morning.

At 10 o'clock the following morning the following occurred:

"Mr. Vaught: If the Court please, we filed a motion to discharge the defendants on the ground of former jeopardy and we are ready to argue the proposition if the court desires at this time."

Thereupon the court investigated the merits of the motion for the change of venue to some county free from exception, and, after hearing evidence, made an order granting the change of venue and announcing that the case would be heard in Grant county the second Monday, March 14th. The defendants excepted to the ruling.

On March 28, 1927, at the courthouse in Silver City, Grant county, before Judge Raymond R. Ryan, both sides being represented by their counsel, there occurred the following:

"Mr. Vaught: If the Court please, we have filed a motion of former jeopardy, and we are ready to take it up.

"The Court: That is the same motion we had in Deming?

"Mr. Vaught: Yes, sir.

"The Court: Motion overruled."

On the same day, at the request of Hon. Raymond R. Ryan, judge of the Sixth judicial district of New Mexico, Hon. Reed Holloman, judge of the First judicial district of New Mexico, was called in to try the case, and a jury was impaneled under his supervision and direction, and the trial proceeded. The jury returned a verdict of guilty as to both defendants, and the court sentenced each of the defendants to confinement in the state penitentiary for a period of not less than 50 years nor more than 60 years. Thereupon the defendants prayed an appeal to this court, which was allowed, and the cause is here on said appeal.

No error is assigned here upon any action taken by Judge Holloman at said trial.

The appellants complain of only two errors alleged to have been committed in the court below, viz.: Error in overruling their plea of former jeopardy; and error in changing the venue of the case from Luna county to Grant county.

It is to be remembered that the dismissal of the juror Marshall Kelly from the panel was not only consented to but was requested by the defendants through their counsel. The discharge of this juror would have left but eleven qualified jurors in the jury box sitting for the trial of the case in Deming. This was not a legal jury and not a jury before whom the defendants could by any possibility be put to trial. Although jeopardy had attached when the twelve jurors were sworn to try the case, that jeopardy was abrogated with the consent and at the request of the defendants. The only thing that the defendants can complain of is the exercise of the discretion upon the part of the district judge of determining whether he would fill the panel by selecting another juror or to take the place of the juror who was admittedly disqualified, or whether he would discharge the eleven remaining jurors who were still in the box. Such a proposition is unworthy of argument or discussion. Judges are clothed with the discretion to manage and regulate the procedure in the courts over which they preside. So long as no constitutional or statutory right of the defendant is invaded, he cannot be heard to complain of any reasonable exercise

of such discretion. This disposes of appellants' first contention and needs no further consideration.

The second contention of appellants is in regard to the right of the court to grant a change of venue from Deming to Silver City. It is claimed that the term of court which was being held in Deming was a special term of court. In this counsel are mistaken. It is expressly recited in the record that the term of court being held in Deming was an adjourned term of the regular term of October, 1926. All the argument, therefore, of counsel is irrelevant. If the district judge after the examination of witnesses may not make a finding of fact upon the testimony produced that the cause could not be tried in a given county because of local prejudice and excitement upon a motion made in due form and within the statutory time, then the administration of justice in this state will be greatly hampered and the usefulness of the courts will be greatly impaired. There is nothing in the complaint of defendants as to the change of venue which requires further discussion.

. It follows from the foregoing that there is no error in the record, and that the judgment should be affirmed; and it is so ordered.

BICKLEY, C. J., and WATSON, J., concur.

CATRON and SIMMS, JJ., did not participate.